UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PATRICK WAYNE WILLIAMS (#317402)

VERSUS                                          CIVIL ACTION

U.S. GOVERNMENT, ET AL                          NUMBER 14-671-SDD-SCR


### ORDER TO PAY FILING FEE

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the United States of America, President Barrack Obama and United States Attorney General Eric Holder.

Plaintiff did not pay the filing fee or file a motion to proceed in forma pauperis.

Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) section 1915(g)

applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of § 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id*. Dismissals include only those for which appeal has been exhausted or waived. *Id*. However, dismissals later reversed are not to be counted as a strike. *Id*. By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id*.

Plaintiff has, on three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim.[1] Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving imminent danger of serious physical injury. Plaintiff's FOIA claim does not fall under the exception.

Therefore;

---

[1] A list of cases dismissed as frivolous or for failure to state a claim by the district court or by the United States Court of Appeals for the Fifth Circuit include: *Patrick Wayne Williams v. Burl Cain, et al*, CV 04-872-JJB-DLD (M.D.La.); *Patrick Wayne Williams v. Pfizer, Inc., et al*, CV 05-43-RET-SCR (M.D.La.) (counting as two strikes because, after dismissal as frivolous in the district court, the plaintiff's appeal was also dismissed as frivolous); and *Patrick Wayne Williams v. Sheriff's Department of Iberia Parish, et al*, CV 04-2619-TLM (W.D.La.).

IT IS ORDERED that the plaintiff is barred from proceeding in forma pauperis because he has, on three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that the plaintiff is granted 21 days from the date of this order to pay the court's filing fee in the amount of **$400**.

**The filing fee must be paid in full in a single payment.  No partial payment of fees will be accepted.**  Failure to pay the filing fee within 21 days shall result in the dismissal of the plaintiff's complaint without prejudice.

Baton Rouge, Louisiana, October 23, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE