**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

PATRICK WAYNE WILLIAMS (#317402)     CIVIL ACTION

VERSUS                                NUMBER 14-671-SDD-SCR

U.S. GOVERNMENT, ET AL.

**RULING**

*Pro se* Plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552, against the United States of America, President Barrack Obama, and United States Attorney General Eric Holder.

Section 1915(g) of Title 28 of the United States Code provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) section 1915(g) applies to cases pending on the effective date of the statute; and (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute.[1] Dismissals include only those for which appeal has been exhausted or waived.[2]

---

[1] *Id.*

[2] *Id.*

However, dismissals later reversed are not to be counted as a strike.[3] By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice.[4]

Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 was denied because, on three prior occasions during detention, the Plaintiff brought an action that was dismissed as frivolous or for failure to state a claim upon which relief can be granted.[5]

On October 23, 2014, the Plaintiff was granted 21 days from the date of the *Order*[6] to pay the Court's filing fee in the amount of $400.00.

A review of the record shows that more than 21 days has elapsed and the Plaintiff has failed to pay the filing fee. Despite clear notice that he must pay the full filing fee and having had ample time to do so, the Plaintiff has failed to pay the filing fee. Therefore, the Plaintiff's § 1983 *Complaint*[7] shall be dismissed.

*Judgment* shall be entered accordingly.

Signed in Baton Rouge, Louisiana on December 2, 2014.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[3] *Id.*

[4] *Id.*

[5] Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed *in forma pauperis* in cases involving imminent danger of serious physical injury. Plaintiff's claims do not fall under the exception.

[6] Rec. Doc. 2.

[7] Rec. Doc. 1.